| iPLOTKIN, Judge,
dissenting:
I respectfully dissent from that portion of the majority opinion that affirms the trial court’s decision that prohibited defense counsel from questioning Dr. White as to the victim’s statement in the medical report that the defendant did not touch her genitals. The majority states that there was no showing that the medical resident who wrote this portion of the report was unavailable at trial or was unascertainable. Although normally *911 this contention might be correct, under the particular facts of this case, it is erroneous. The majority opinion itself notes that the State did not learn of the report until the eve of trial, although that defense counsel was notified of its existence “before trial.” It seems manifest to me that if trial counsel only learns of this matter on the eve of trial, or sometime later, that it would be difficult, if not impossible, for him to determine the identity of the medical resident and subpoena the resident for trial. Alternatively, it seems implausible that defense counsel could conduct a thorough enough inquiry to show that the declarant’s identity was unascertainable. Therefore, the majority errs in concluding that La.C.E. art. 804(B)(5) was not satisfied.
Furthermore, I believe that a substantial right of the defense was prejudiced by this error. The majority premises its conclusion to the contrary on the fact that Dr. White’s medical testimony disproved the statements made by the victim to the medical resident. However, it ignores the underlying fact that the initial statements by the child are indicative of her veracity; thus, the medical report amounted to potential evidence with which to impugn the victim’s testimony. The issue of whether the defendant actually penetrated the victim’s anus with his penis constitutes an essential element of the crime of aggravated rape and thus comprises a decisive issue in this case. The trial court’s ruling denied the defendant the opportunity of a meaningful opportunity to elicit testimony that would have tended to disprove this element of the crime and thereby avoid a verdict of guilty as charged. In point of fact, had the defendant been able to convince the jury that he had not actually penetrated the victim’s anus with his penis, he 12could not have been convicted of aggravated rape, but instead could only have been found guilty of the lesser, responsive verdict of sexual battery. This is a particularly important distinction because the sentence for aggravated rape is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, La.R.S. 14:42; sexual battery is punishable by imprisonment, with or without hard labor, for no more than ten years, La.R.S. 14:43.1.
Because I disagree with the majority opinion in this regard, I respectfully dissent. I would reverse the trial court on this issue and remand the matter to the trial court for a new trial.